# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KATHY JEFFRIES** | ) |
|        **Plaintiff,** | )    Civil Action No. |
| vs. | ) |
| **ACADEMY COLLECTION SERVICE, INC.,** | ) |
|        **Defendant.** | ) |

## COMPLAINT
## UNLAWFUL DEBT COLLECTION PRACTICES

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III. PARTIES

4. Plaintiff Kathy Jeffries is an adult individual residing at 15470 Pinewood Drive, Lot 4, Hayward, WI 54843.

5. Defendant Academy Collection Service, Inc. is a business entity engaged in the business of collecting debts in this Commonwealth with its principal place of business located at 10965 Decatur Road, Philadelphia, PA 19154. The principal purpose of Defendant is the

collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV. **FACTUAL ALLEGATIONS**

6. At all times pertinent hereto, Defendant was hired by Discover Card to collect a debt relating to consumer credit card purchases that were allegedly originally owed to Discover Card (hereafter the "debt").

7. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes.

8. From March 2009 through mid-September 2009, Defendant continually contacted Plaintiff in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted. Defendant's contacts of Plaintiff, at times, would total four (4) times in one day.

9. In mid-September 2009, Defendant continued to contact Plaintiff in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted. The contacts began to increase, sometimes numbering ten (10) times in a day.

10. Notwithstanding the above, on or about September 19, 2009, Defendant contacted Plaintiff in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted, including but not limited to seven (7) more times that day.

11. Notwithstanding the above, on or about September 20, 2009, Defendant contacted Plaintiff in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted, including but not limited to ten (10) more times that day.

12. Notwithstanding the above, on or about September 24, 2009, Defendant contacted Plaintiff's neighbor, Dee Fribbie, in an attempt to coerce Plaintiff's payment of the debt, in an

2

attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted. During an automated message, Defendant disclosed the debt, stating Plaintiff was in collections and Defendant was attempting to contact her.

13. In response to the above, on or about September 24, 2009, Plaintiff contacted Defendant. During the conversation, Plaintiff instructed Defendant not to contact Ms. Fribbie. Defendant simply responded "you owe us" before ending the phone call.

14. Notwithstanding the above, on or about September 24, 2009, Defendant contacted Plaintiff's neighbor, Dee Fribbie, in an attempt to coerce Plaintiff's payment of the debt, in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted.

15. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

16. The Defendant acted in a false, deceptive, misleading and unfair manner when they, without permission from the Plaintiff, communicated with persons other than the Plaintiff that Plaintiff owes a debt and did so on multiple occasions.

17. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with said law.

18. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

19. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

20. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## V. **FIRST CLAIM FOR RELIEF- VIOLATION OF THE FDCPA**

21. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

24. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

25. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 15 U.S.C. §§ 1692b(2), 1692b(3), 1692c(b), 1692d, 1692(d)(5), 1692e, 1692e(10) and 1692f, as evidenced by the following conduct:

    (a) Communicating with persons other than the Plaintiff that Plaintiff owes a debt;

    (b) Communicating with persons other than the Plaintiff on more than one occasion;

(c) Communicating, in connection with the collection of a debt with persons other than the Plaintiff;

(d) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(e) Causing a telephone to ring or engaging any person in conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number; and

(f) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt.

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

27. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(b) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(c) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

(d) That the Court grant such other and further relief as may be just and proper.

## V. SECOND CLAIM FOR RELIEF-INVASION OF PRIVACY

28. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29. Defendant continuously and repeatedly contacting Plaintiff multiple times in one day constitutes an invasion of privacy.

30. As a result of Defendant's above mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

WHEREFORE, Plaintiff claims compensatory, punitive and all other forms of cognizable damages against Defendant and judgment in her favor, plus lawful interest thereon.

## VI. JURY TRIAL DEMAND

31. Plaintiff demands trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED,**

FRANCIS & MAILMAN, P.C.

BY: */s/ Mark D. Mailman*
MARK D. MAILMAN
MICHAEL J. SZYMBORSKI
Attorneys for Plaintiff
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

DATE: December 18, 2009